IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NATHAN TODD SHAFER,           §
#39462-177,                   §
                              §
            Petitioner,       §
                              §  Civil Action No. 3:15-CV-1716-D
VS.                           §  (Criminal No. 3:09-CR-249-D-5)
                              §
UNITED STATES OF AMERICA,     §
                              §
            Respondent.       §

MEMORANDUM OPINION
AND ORDER

Petitioner Nathan Todd Shafer ("Shafer") moves for relief from judgment under Fed.

R. Civ. P. 60(b)(4), (b)(5), and (b)(6). For the reasons that follow, the court denies the

motion.

I

Shafer was convicted of conspiracy to commit wire and mail fraud and was sentenced

to 108 months' imprisonment and ordered to pay restitution of approximately $3.26 million.

His conviction was affirmed on direct appeal. *United States v. Simpson*, 741 F.3d 539 (5th

Cir. 2014). Through retained counsel, Shafer filed a motion to vacate sentence under 28

U.S.C. § 2255, which the court denied on April 24, 2017. Shafer did not appeal that

decision. Almost one year later, however, he filed the instant Rule 60(b) motion challenging

the integrity of the habeas proceedings and alleging that (1) the magistrate judge was biased,

(2) the magistrate judge's recommendation failed to address all claims, and (3) the court

failed to conduct a *de novo* review of the § 2255 evidence.

II

To the extent that Shafer challenges the integrity of the habeas proceeding, his motion

is not the equivalent of a successive application, so the court can review his claims under

Rule 60(b). *See*, *e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 532 nn.4 & 5 (2005) (concluding

that true Rule 60(b) motion is one that challenges (1) a procedural ruling or (2) a defect in

the integrity of the federal habeas proceeding, provided that such a challenge does not itself

lead inextricably to a merits-based attack).

Shafer cannot obtain relief from judgment under Rule 60(b)(4) and (b)(5), however,

where the allegations are essentially the identical ground for relief sought under the Rule

60(b)(6) "catch-all clause." *See Hess v. Cockrell*, 281 F.3d 212, 215 (5th Cir. 2002); *see also*

*Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) ("relief under 60(b)(6) is

mutually exclusive from relief under sections (1)-(5)"). Here, Shafer has not advanced any

separate ground for relief under (b)(4) and (b)(5), reiterating instead the same defects in the

habeas proceeding presented under 60(b)(6). In fact, he has alleged no fact that would

invoke either of these provisions. Thus the court considers the motion for relief from

judgment as only seeking relief under Rule 60(b)(6). *See Hess*, 281 F.3d at 215 (construing

Rule 60(b)(5) request under Rule 60(b)(6)).

III

A

Under Rule 60(b)(6), a final judgment can be set aside for "any other reason that

justifies relief." To obtain relief, however, the moving party must show "extraordinary

circumstances," which the Supreme Court has held "'will rarely occur in the habeas context.'" *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 772 (2017) (quoting *Gonzalez*, 545 U.S. at 535). Moreover, "Rule 60(b)(6) motions are not substitutes for timely appeals," *Hess*, 281 F.3d at 216, and "the decision to grant or deny relief . . . lies within the sound discretion of the district court." *Tamayo v. Stephens,* 740 F.3d 986, 990 (5th Cir. 2014) (quotation and quoted case omitted). Shafer has failed to demonstrate the existence of extraordinary circumstances in this case.

B

1

Shafer avers that United States Magistrate Judge Renée Harris Toliver was biased because, before she was appointed as a magistrate judge, she served as an Assistant United States Attorney ("AUSA"), and, in that capacity, she had "a long standing working friendship" with the AUSAs who subsequently prosecuted Shafer for mail and wire fraud in his criminal case. The court holds that his assertions are both unsupported and erroneous.

First, Judge Toliver was not involved in prosecuting Shafer's criminal case. Section 455(b)(3) of title 28 "does not *mandate* recusal unless the former government attorney has actually participated in some fashion in the proceedings." *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995) (emphasis in original). Indeed for several years prior to her June 2010 appointment, Judge Toliver worked in the appellate section of the U.S. Attorney's office, and her employment as an AUSA is far from disqualifying. *See id.* (holding that judge's membership in prosecution staff during guilty plea challenged by defendant did not mandate

recusal where judge did not personally work on that specific case); *United States v. Outler*, 659 F.2d 1306, 1312-13 (5th Cir. Unit B Oct. 1981) (holding that magistrate's prior role as prosecutor in unrelated incident involving same defendant was not sufficient to require recusal). Moreover, Shafer never objected to Judge Toliver's assignment to his criminal case, and the mere fact that a motion to revoke was reassigned to United States Magistrate Judge Jeff Kaplan in August 2010 plainly fails to establish any bias.

Second, Shafer has not shown that Judge Toliver had a personal bias or prejudice against him, that she displayed any favoritism against or antagonism toward him, that her rulings were based on an extrajudicial source, or that her impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a) and (b) (requiring judge to disqualify herself if "[her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party"); *Liteky v. United States*, 510 U.S. 540, 551 (1994) (noting recusal can be based on extrajudicial factors, such as family relationships, or intrajudicial factors, such as events occurring in the course of proceedings). Moreover, a judge's adverse rulings do not of themselves constitute grounds for recusal. *See Garcia v. Woman's Hosp. of Tex.*, 143 F.3d 227, 229-30 (5th Cir. 1998); *see also Stringer v. Astrue*, 252 Fed. App'x 645, 648 (5th Cir. 2007) (per curiam).

2

Shafer also maintains that the magistrate judge failed to address all of the claims raised in his § 2255 motion. He avers there was "no final adjudication of [his] Fifth amendment Due Process claims that the government sponsored knowingly false testimony."

But Shafer's § 2255 motion raised only claims of ineffective assistance of counsel, which the magistrate judge analyzed in detail. Moreover, insofar as the Rule 60(b) motion seeks to raise a new substantive Fifth Amendment claim, the court construes it as a successive § 2255 motion, which should be dismissed without prejudice to Shafer's seeking leave to file from the United States Court of Appeals for the Fifth Circuit. *See United States v. Hernandes*, 708 F.3d 680, 682 (5th Cir. 2013) (construing Rule 60(b) motion that advanced substantive claims as successive § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) and (B).

3

Finally, Shafer contends that there is no evidence that the court conducted *de novo* review of the § 2255 evidence under 28 U.S.C. § 636. He posits that the court did not address his objections or analyze any of his § 2255 claims. The court disagrees.

The court performed the required *de novo* review in this case. The order adopting the magistrate judge's recommendation expressly states that the court conducted an "independent review"—i.e., *de novo* review—of all the pleadings, files, and records in this case, including the magistrate judge's recommendation. Shafer has offered no evidence that the court did not in fact review his case *de novo*. *See United States v. Felix*, 540 Fed. App'x 427, 428-29 (5th Cir. 2013) (per curiam) (collecting cases holding that "[i]n the absence of evidence that the district court did not conduct a *de novo* review, we assume that it did."). This ground for relief also fails.

IV

In sum, Shafer has failed to show the existence of extraordinary circumstances justifying relief under Rule 60(b)(6), and his motion for relief from judgment is denied.

V

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.  The court finds that Shafer has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

If Shafer files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

\*     \*     \*

Shafer's April 17, 2018 *pro se* motion for relief from judgment under Rule 60(b)(4), (b)(5), and (b)(6) is denied.  The clerk of court is directed to serve a copy of this memorandum opinion and order on Shafer at BOP Texarkana FCI, PO Box 7000, Texarkana,

Texas 75505.

      **SO ORDERED**.

      May 21, 2018.

                         _____

                         SIDNEY A. FITZWATER
                         UNITED STATES DISTRICT JUDGE